UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NIDIA MERRILL,

        Plaintiff,

v.                              Case No:   2:15-cv-232-FtM-38MRM

DYCK-O'NEAL, INC. and LAW
OFFICES OF DANIEL C.
CONSUEGRA, P.L.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Nidia Merrill's Motion to Strike Affirmative Defenses (Doc. #26) filed on June 22, 2015. Defendants Dyck-O'Neal, Inc. ("Dyck-O'Neal") and the Law Offices of Daniel C. Consuegra, P.L. ("Consuegra Law") filed no response and the time to do so has now expired. This matter is ripe for review.

### Background

In 2008, Chase Home Finance, LLC initiated a foreclosure action against Nidia Merrill in state court. (Doc. #1, at ¶12). A foreclosure judgment was subsequently entered in favor of Chase Home Finance, LLC and assigned to Dyck-O'Neal for collection. (Doc. #1, at ¶12-13). On May 22, 2014, Dyck-O'Neal sent Merrill a letter informing her of the assigned debt. (Doc. #1, at ¶14). Nearly a month later, on June 18, 2014, Dyck O'Neal

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

through its agent, Consuegra Law, sent a dunning letter to Merrill attempting to collect the debt. (Doc. #1, at ¶15).

Merrill then filed a complaint seeking statutory and actual damages under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") against Defendants. (Doc. #1). In the complaint, Merrill alleges Defendants committed statutory violations by sending her a dunning letter that attempted to collect a debt prior to the expiration period specified in Section 559.715 of the Florida Statutes. (Doc. #1, at ¶¶24, 32). This section requires an assignee to give a debtor written notice of the assignment. Fla. Stat. § 559.715. After such notice, the assignee must wait "at least 30 days before any action to collect the debt." Id.

In response, Consuegra Law filed an answer with nine affirmative defenses. (Doc. #21). Merrill now moves to strike Consuegra Law's first, second, third, fifth, sixth, seventh, and ninth affirmative defenses. (Doc. #26). Additionally, Merrill moves to strike Consuegra Law's demand for attorney's fees and costs. (Doc. #26).

## Standard

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-66 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). If an affirmative defense "comprises no more than 'bare bones conclusory allegations, it must be stricken.'"

Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citation omitted).

Discussion

A. *Litigation Immunity/Privilege*

Consuegra Law's first affirmative defense is "Plaintiff's claims are barred by the doctrine of litigation immunity/privilege." (Doc. #21, at 4). Merrill contends this defense is not applicable to her FDCPA claim. The Court agrees. The law is clear in that, "Florida's absolute litigation privilege is limited to state causes of action and is inapplicable to federal causes of action." Correa v. BAC Home Loans Servicing LP, Case No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *13 (M.D. Fla. Apr. 9, 2012) (citations omitted). Consequently, the Court will construe this defense to apply solely to Merrill's FCCPA claim and denies Merrill's motion to strike this defense.

B. *No Damages*

Consuegra Law's second affirmative defense is "Plaintiff has suffered no damages as a result of any acts or omissions of Defendant." (Doc. #21, at 4). Merrill contends this defense is actually a denial that she has suffered damages. The Court agrees and will treat this defense as a denial. See Bruce v. Ocwen Loan Servicing, LLC, Case No. 8:12-cv-1561-T-24MAP, 2012 WL 4867224, at *3 (M.D. Fla. Oct. 15, 2012) (construing a defense that plaintiff did not suffer any damages for its alleged FCCPA violation as a denial). Consequently, the Court denies Merrill's motion to strike this defense.

C. *Bona Fide Error*

Consuegra Law's third affirmative defense is "any violation of federal or state law was unintentional and the result of bona fide error, notwithstanding reasonable

3

procedures in place to prevent such errors." (Doc. #21, at 4). Merrill contends a defense alleging mistake must be pled with particularity. The FDCPA provides that a debt collector may avoid liability if "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Here, the affirmative defense merely restates the statutory language without more detail and provides no information to make a connection to Merrill's claims. Consequently, the Court finds this affirmative defense must be stricken with leave to amend. See Schmidt v. Synergentic Comm's, Inc., Case No. 2:14-cv-539-FtM-29CM, 2015 WL 997828, at *2, (M.D. Fla. Mar. 5, 2015) (striking similar bare bone affirmative defense brought pursuant to 15 U.S.C. § 1692k(c)).

### D. Failure to State a Claim

Consuegra Law's fifth affirmative defense is "Plaintiff has failed to state a claim upon which relief may be granted." (Doc. #21, at 4). Merrill contends this defense states a legal conclusion. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, failure to state a claim is a defense; however, this defense is insufficiently pled as it does not provide the opposing party nor the Court of any factual or legal basis for this assertion. See Fed. R. Civ. P. 12(b)(6); F.D.I.C. v. Bayer, Case No. 2:13-cv-752-FtM-29DNF, 2015 WL 686952, at *2 (M.D. Fla. Feb. 18, 2015) (striking failure to state a claim where defense was insufficiently pled and provided no factual or legal basis for conclusory assertion). Consequently, the Court finds this defense must be stricken with leave to amend.

### E. Rooker-Feldman doctrine

Consuegra Law's sixth affirmative defense is "Plaintiff's claims are barred by the *Rooker-Feldman* doctrine." (Doc. #21, at 4). Merrill contends this defense states a legal

conclusion. The Supreme Court has narrowly confined the *Rooker-Feldman* doctrine to cases "brought by state-court losers . . . inviting district court review and rejection of [a state court's] judgments." Exxon Mobil Corp. v. Saudi Basis Indus. Corp., 544 U.S. 280, 284 (2005); Skinner v. Switzer, 562 U.S. 521, 522 (2011) ("a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action."). This doctrine further applies to any claim that is "inextricably intertwined" with a state court judgment as long as plaintiff had the opportunity to raise such claim during state court proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

Here, the merits of whether the *Rooker-Feldman* doctrine applies to this case are best left for determination at another stage. See, e.g., Cream v. McIver, Case No. 2:15-cv-113-FtM-29CM, 2015 WL 2168946 (M.D. Fla. May 8, 2015) (addressing subject-matter jurisdiction under *Rooker-Feldman* in motion to dismiss); accord. Catli v. PennyMac Corp., Case No. 2:15-cv-3-FtM-38CM, 2015 WL 846524 (M.D. Fla. Feb. 26, 2015). Although the *Rooker-Feldman* doctrine can be a viable defense here, more is needed than the bare bone assertions asserted here. See, e.g., Dean v. Wells Fargo Home Mortg., No. 2:10-cv-564-FtM-29SPC, 2011 WL 1515106, at *3 (M.D. Fla. Apr. 21, 2011).

### F.  Collateral Estoppel and/or Res Judicata

Consuegra Law's seventh affirmative defense is "Plaintiff's claims are barred by the doctrine of collateral estoppel and/or res judicata." (Doc. #21, at 4). Merrill contends this defense states a legal conclusion.

Under Rule 8(c) of the Federal Rules of Civil Procedure, both res judicata and estoppel are listed as affirmative defenses. See Fed. R. Civ. P. 8(c). Collateral estoppel

bars "the introduction or argumentation of certain facts necessarily established in a prior proceeding." Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1180 (11th Cir. 2013). When asserting collateral estoppel, a party must establish:

> (1) the issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the earlier proceeding; (3) the determination of the issue must have been a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue.

Id. A defendant who was not originally a party in the initial action can assert collateral estoppel against a plaintiff. See Madura v. Bac Home Loans Servicing, LP, 593 F. App'x 834, 843 (11th Cir. 2014) (citation omitted).

Here, the Court finds Consuegra Law merely asserts collateral estoppel and res judicata as affirmative defenses without providing any additional information to make a connection to Merrill's claims. Consequently, the Court finds this defense must be stricken with leave to amend. See Microsoft, 211 F.R.D. at 684 (bare-bones conclusory allegations must be stricken).

### G. Lack of Subject Matter Jurisdiction

Consuegra Law's ninth affirmative defense is lack of subject matter jurisdiction "as there is no case and controversy under Article III of the U.S. Constitution as Plaintiff has incurred no actual damages." (Doc. #21, at 5). Merrill contends statutory violations constitute a cognizable injury under Article III.

Consuegra Law merely asserts lack of subject matter jurisdiction and without more, the Court cannot address this affirmative defense on its merits. See F.T.C. v. N. E. Telecommns., Ltd., Case No. 96-6081-CIV-LENARD, 1997 WL 599357, at *2 (M.D. Fla. June 23, 1997) (striking lack of subject matter jurisdiction where no relationship exists

between defense and party's claim). Consequently, the Court finds this defense must be stricken. See Fed. R. Civ. P. 12(h)(3) (party may raise lack of subject matter jurisdiction for court's determination at any time).

### H. Attorney's Fees and Costs

Consuegra Law demands an award of attorney's fees and costs as prevailing party and pursuant to 28 U.S.C. §§ 1927, 1920 and 15 U.S.C. § 1692k. (Doc. #21, at 5). Merrill contends Consuegra Law's sanction requests are insufficiently pled as affirmative defenses and are scandalous.

District courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court "will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). Courts generally disfavor a motion to strike and consider it a "drastic remedy." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)).

Under Section 1927, a court may award attorney's fees if an attorney unreasonably or vexatiously multiplies the proceedings in a case. See 28 U.S.C. § 1927. Additionally, the federal court may also tax as costs various fees pursuant to Section 1920. See 28 U.S.C. § 1920. Under the FDCPA, a court may further award to defendant "attorney's fees reasonable in relation to the work expended and costs." See 15 U.S.C. § 1692k(a)(3).

Here, Consuegra Law asserts a demand for attorney's fees in relation to the instant case that is neither insufficiently pled nor scandalous. At this stage in the litigation, it would be premature to determine whether there is support for a future claim of attorney's fees. See Aguilar v. ABC Supply Co., Inc., Case No. 2:10-cv-141-FtM-36SPC, 2010 WL 2243753, at *2 (M.D. Fla. June 4, 2010) (denying to strike a claim for attorney's fees at such an early stage in the litigation). Consequently, the Court denies Merrill's motion to strike this demand.

Accordingly, it is now

**ORDERED:**

Plaintiff Nidia Merrill's Motion to Strike Affirmative Defenses (Doc. #26) is **GRANTED in part** and **DENIED in part**. The motion is GRANTED in that the third, fifth, sixth, seventh, and ninth affirmative defenses are stricken with leave to amend. The motion is DENIED in all other respects. Law Offices of Daniel C. Consuegra, P.L. may file an amended answer and affirmative defenses in accordance with the above no later than **August 7, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record